IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

RETAIL ROYALTY COMPANY AND AE
OUTFITTERS RETAIL CO.,

    Plaintiffs,

              v.

GUANGJING CO. LTD.,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 3:16-cv-336

## COMPLAINT

Plaintiffs Retail Royalty Company and AE Outfitters Retail Co. (collectively, "AEO") state the following for their complaint against Defendant Guangjing Co. Ltd.

## SUBSTANCE OF THE ACTION

1.  AEO has created a highly successful lifestyle brand of retail stores, apparel, and accessories under the well-known AMERICAN EAGLE OUTFITTERS and AMERICAN EAGLE marks, which are signified by the Flying Eagle Design shown below. In addition to the Flying Eagle Design, AEO uses and has registered the marks AMERICAN EAGLE OUTFITTERS, AEO, AMERICAN EAGLE, AE and 77 in connection with apparel and headwear (collectively, the "AEO Word Marks"). (The Flying Eagle Design together with the AEO Word Marks, collectively, the "AEO Marks.")



2.     AEO owns all trademark rights in the AEO Marks, including, *inter alia*, its incontestable U.S. Trademark Reg. No. 3,878,197 for the Flying Eagle Design, its incontestable U.S. Trademark Reg. No. 2,086,693 for the AMERICAN EAGLE OUTFITTERS mark, its incontestable U.S. Trademark Reg. No. 1,877,686 for the AEO mark, its incontestable U.S. Trademark Reg. Nos. 3,545,443 and 3,636,963 for the AMERICAN EAGLE mark, its incontestable U.S. Trademark Reg. Nos. 2,216,789 and 2,574,009 for the AE mark, and its incontestable U.S. Trademark Reg. Nos. 2,601,845 and 3,908,122 for the 77 mark. AEO also owns federally registered copyrights, U.S. Copyright Reg. No. VA-1-622-340 in the Flying Eagle Design and U.S. Copyright Reg. No. VA-1-648-837 in the Exploded Eagle Design, shown immediately below.



3.     In an effort to exploit AEO's enormous popularity and goodwill, Defendant is selling unauthorized apparel bearing unauthorized copies of AEO's Flying Eagle Design, Exploded Eagle Design, and AEO Word Marks. Defendant's hats bear flagrant, confusingly similar imitations of AEO's Flying Eagle Design and Exploded Eagle Design (the "Infringing Eagle Designs") and the AEO Word Marks, thereby guaranteeing consumer confusion as well as tarnishing and diluting AEO's famous marks. Examples of Defendant's blatant knock-offs are shown below.

2

  

  

4.     Defendant has willfully violated AEO's intellectual property rights in a deliberate effort to trade on AEO's hard-earned reputation and goodwill.  Defendant's actions are causing irreparable harm to AEO and the public by creating consumer confusion, tarnishing and diluting AEO's famous Flying Eagle Design, and infringing AEO's trademark and copyright interests.

5.     AEO therefore brings this action for copyright infringement under 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"); trademark counterfeiting and infringement under Section 32 of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. § 1114; unfair competition and false designation of origin under Section 43 of the Lanham Act, 15 U.S.C. § 1125; dilution and tarnishment of AEO's famous Flying Eagle Design under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); common law unfair competition; and unfair and deceptive trade practices

3

under North Carolina law, N.C. GEN. STAT. § 75-1.1. AEO seeks permanent injunctive relief; an accounting and award of Defendant's profits; compensatory, treble, and/or statutory damages; an award of costs and attorneys' fees; and such other and further relief as the Court deems just and proper.

## PARTIES, JURISDICTION AND VENUE

6.      Plaintiff Retail Royalty Company is a Nevada Corporation with a principal place of business at 101 Convention Center Drive, Las Vegas, Nevada 89101.

7.      Plaintiff AE Outfitters Retail Co. is a Delaware corporation with a principal place of business at 77 Hot Metal Street, Pittsburgh, Pennsylvania 15203.

8.      Plaintiff Retail Royalty Company is the record owner of the AEO Marks at issue in the instant action, including the Flying Eagle Design.

9.      Plaintiff Retail Royalty Company is the record owner of the copyright registrations for the Flying Eagle Design and Exploded Eagle Design.

10.     Plaintiff AE Outfitters Retail Co. uses the AEO Marks at issue under license in connection with the sale of apparel and headwear.

11.     On information and belief, Defendant Guangjing Co. Ltd. is a California corporation with places of business at 12222 Bell Ranch Drive, Santa Fe Springs, California 90670, and 1301 S. Main Street, #104, Los Angeles, California 90015.

12.     This Court has subject matter jurisdiction over AEO's federal claims under 28 U.S.C. §§ 1331 and 1338, and section 39 of the Lanham Act, 15 U.S.C. § 1121. This Court has jurisdiction over AEO's related state and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332, as there is diversity

4

between the parties and the matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

13.     This Court has personal jurisdiction over Defendant because Defendant has done business in North Carolina and within this judicial District, including shipping the infringing articles into this judicial District.  On information and belief, Defendant has imported, distributed, offered for sale, sold, or shipped merchandise to persons within this State and this District; transacts and conducts business within this State and this District; and otherwise has made or established contacts within this State sufficient to permit the exercise of personal jurisdiction over Defendant.

14.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a), because Defendant does business in this District and a substantial part of the events or omissions giving rise to AEO's claims occurred in this District.

15.     This Court has jurisdiction to enter injunctive relief, pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65.

**FACTS SUPPORTING AEO'S REQUESTED RELIEF**

16.     AEO designs, markets, and sells clothing and accessories, among other products, targeting 15 to 25 year-olds, under the AEO Marks, including the Flying Eagle Design depicted below.



5

17. Since it was founded in 1977, AEO has built its AMERICAN EAGLE OUTFITTERS brand into one of the most popular and highly respected youth-oriented lifestyle brands.

18. AEO sells its well-designed, high quality merchandise at its own AMERICAN EAGLE OUTFITTERS retail stores and on its e-commerce website www.ae.com. The first AMERICAN EAGLE OUTFITTERS retail store opened in the United States in 1977, and there are now more than 900 AMERICAN EAGLE OUTFITTERS retail stores in the United States.

19. Since at least as early as 1999, AEO has operated its e-commerce website www.ae.com, which reinforces the branding of AEO's stores and marketing materials. Through this website, AEO offers the merchandise available in its stores, as well as additional sizes and styles, and other special features such as brand news, music, webcasts, video clips, and photographic slide shows, thereby deepening AEO's relationship with its customer base.

20. AEO has continuously used the Flying Eagle Design as a trademark to identify the AMERICAN EAGLE OUTFITTERS brand for more than a dozen years. AEO's use of the Flying Eagle Design is ubiquitous; it appears prominently on AEO's apparel and headwear, both alone and with other elements, on AEO's signature merchandise and on store signage and related goods. Examples of these uses are shown below.

6














8





21.    AEO has spent hundreds of millions of dollars promoting its AMERICAN EAGLE OUTFITTERS lifestyle brand, as represented by the Flying Eagle Design.

22.    AEO's advertising bearing the Flying Eagle Design spans all channels, including but not limited to social media, AEO's website, the Internet, television; in print media, outdoor media such as billboards (including the 15,000 square feet of electronic billboard at AEO's flagship store in Times Square), bus sides, bus shelters, and subway cars; and in-store advertising. AEO also makes extensive use of sweepstakes, e-mail blasts, and proprietary

9

content to draw its target consumers to these sites.

## THE FLYING EAGLE DESIGN AND EXPLODED EAGLE DESIGN

23.     Due to AEO's long and continuous use of the Flying Eagle Design to identify its retail stores, website, clothing, headwear, footwear, accessories and other products and services, as well as the excellence of its products, the Flying Eagle Design is widely recognized by the public as a visual symbol of the AMERICAN EAGLE OUTFITTERS brand and a mark identifying AEO as the source of the goods and services in connection with which it is used.

24.     As a result of AEO's extensive use and promotion of the Flying Eagle Design to identify its popular lifestyle brand, AEO has built and now owns enormously valuable goodwill symbolized by the Flying Eagle Design.

25.     AEO has developed common law rights in the Flying Eagle Design through its extensive use thereof.  In addition, AEO has secured federal trademark registrations covering its Flying Eagle Design in the United States.

26.     Retail Royalty Company is the record owner of the Flying Eagle Design.  The Flying Eagle Design is the subject of, *inter alia*, U.S. Trademark Registration No. 3,878,197 (the "Flying Eagle Design Registration").  A true and correct copy of the Flying Eagle Design Registration is annexed as **Exhibit 1**.

27.     The Flying Eagle Design Registration covers, among other goods and services, "clothing and accessories, namely, blazers, vests, sweaters, turtleneck sweaters, skirts, pants, jeans, shorts, shirts, t-shirts, blouses, polo shirts, rugby shirts, sweatshirts, sweatpants; swimwear; sleepwear; underwear, namely, boxer shorts, shell bra tanks, and undershirts; outerwear, namely, jackets, vests, coats, pea coats, gloves, scarves; belts; footwear, namely, socks, shoes, slippers, leather boots, sandals, flipflops, sneakers, clogs and slides; canvas shoes,

10

headwear, namely, hats, caps, baseball caps, visors, [and] headbands."

28.     The Flying Eagle Design Registration is valid, subsisting, and in full force and effect.  The Flying Eagle Design Registration is also incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, which means the Registration serves as conclusive evidence of Retail Royalty Company's ownership of the Flying Eagle Design and of its exclusive right to use the Flying Eagle Design in commerce on or in connection with all of the goods identified in the Registration, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

29.     In addition to the Flying Eagle Design Registration, Retail Royalty Company owns U.S. Copyright Registration No. VA-1-622-340 for the Flying Eagle Design.  A true and correct copy of this copyright registration is annexed as **Exhibit 2**.

30.     Retail Royalty Company also owns U.S. Copyright Registration No. VA-1-648-837 for the Exploded Eagle Design.  A true and correct copy of this copyright registration is annexed as **Exhibit 3**.

31.     AEO has complied in all respects with the requirements of the trademark and copyright laws with respect to registration of the Flying Eagle Design and the copyright laws with respect to registration of the Exploded Eagle Design.

## THE AEO WORD MARKS

32.     AEO has used other of the AEO Word Marks, including the marks AMERICAN EAGLE OUTFITTERS, AE, AEO, AMERICAN EAGLE, and 77, for many years in connection with its retail stores, website, clothing, headwear, footwear, accessories and other products and services.  As a result, the AEO Word Marks are widely recognized by the public as an indicator of the source of AEO's goods and services.

33.     AEO has built and now owns enormously valuable goodwill symbolized by the

11

AEO Word Marks, as well as extensive common law rights in the AEO Word Marks.

34.    Retail Royalty Company is the record owner of the AEO Word Marks, including, *inter alia*, its incontestable U.S. Trademark Reg. No. 2,086,693 for the AMERICAN EAGLE OUTFITTERS mark, its incontestable U.S. Trademark Reg. No. 1,877,686 for the AEO mark, its incontestable U.S. Trademark Reg. Nos. 3,545,443 and 3,636,963 for the AMERICAN EAGLE mark, its incontestable U.S. Trademark Reg. Nos. 2,216,789 and 2,574,009 for the AE mark, and its incontestable U.S. Trademark Reg. Nos. 2,601,845 and 3,908,122 for the 77 mark. (The foregoing registrations, collectively, the "AEO Word Mark Registrations"). True and correct copies of the AEO Word Mark Registrations are annexed as **Exhibit 4**.

35.    The AEO Word Mark Registrations cover, among other goods and services, "headwear," "hats," "visors," and "caps."

36.    The AEO Word Mark Registrations are valid, subsisting, and in full force and effect. The AEO Word Mark Registrations are also incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, which means the Registrations serve as conclusive evidence of Retail Royalty Company's ownership of the AEO Word Marks and of its exclusive right to use the AEO Word Marks in commerce on or in connection with all of the goods identified in the Registrations, as provided by Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b).

## DEFENDANT'S UNLAWFUL ACTIVITIES

37.    Defendant has been marketing, distributing, offering for sale, and selling hats and caps bearing the Infringing Eagle Designs and colorable imitations of the AEO Word Marks (the "Infringing Headwear"). The Infringing Headwear was not manufactured under AEO's auspices. Examples of the Infringing Headwear are shown in Paragraph 3 above and below.

Case 3:16-cv-00336-GCM   Document 1   Filed 06/14/16   Page 12 of 28



Mesh cap -27

Mesh cap -26

Mesh cap -25

Mesh cap -24

Mesh cap -23

Mesh cap -22



Baseball cap -51

Baseball cap -50

Baseball cap -49

Baseball cap -48

Baseball cap -47

Baseball cap -46

Baseball cap -45

Baseball cap -44

Baseball cap -43

38.     The Infringing Headwear is materially different from genuine goods bearing the Flying Eagle Design and AEO Word Marks.  AEO has no control over the design or quality of Defendant's goods, which do not comport with AEO's high standards.

39.     The Infringing Headwear bears counterfeit versions of the Flying Eagle Design and AEO Word Marks in violation of U.S. trademark and copyright law.

40.     Upon information and belief, Defendant does not own any federal or state registrations or trademark applications for any mark that includes, in whole or in part, an eagle design, "American Eagle Outfitters," "American Eagle," "AEO," "AE" or "77", and Defendant cannot assert any rights in such marks that are prior to AEO's first use of the Flying Eagle Design or AEO Word Marks.

41.     Defendant's unlawful actions commenced many years after AEO began using the AEO Marks, many years after the AEO Marks had become famous, many years after AEO registered the AEO Marks with the U.S. Patent and Trademark Office, and many years after AEO registered the Flying Eagle Design with the U.S. Copyright Office.

42.     Defendant's Infringing Headwear is likely to deceive, confuse, and mislead prospective purchasers, purchasers, and post-sale observers into believing that the Infringing Headwear is approved or sponsored by AEO when in fact it is not.  The likelihood of confusion, mistake, and deception engendered by Defendant's Infringing Headwear is causing irreparable harm to AEO.

43.     By causing such a likelihood of confusion, mistake, and deception, Defendant is inflicting irreparable harm to AEO's goodwill.  Purchasers and prospective purchasers viewing Defendant's Infringing Headwear and perceiving a defect, lack of quality, or any impropriety are likely to mistakenly attribute them to AEO.

15

44.     Upon information and belief, Defendant's conduct is ongoing.

45.     Upon information and belief, Defendant knowingly and willfully uses counterfeit imitations of the Flying Eagle Design and AEO Word Marks on the Infringing Headwear with the deliberate intent to pass off its goods as AEO goods, to create the false impression that AEO is the source of the Infringing Products, and to take a free ride on the fame and goodwill that AEO has established in the AEO Marks.

46.     If Defendant's conduct is not enjoined, it will greatly injure the value of the AEO Marks and AEO's copyrights in its Flying Eagle Design and Exploded Eagle Design, as well as AEO's ability to distinguish its goods from those of others.

47.     Defendant's conduct is intentionally fraudulent, malicious, willful, and wanton, and has been undertaken with full knowledge of AEO's rights in the Flying Eagle Design, Exploded Eagle Design and AEO Word Marks.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT
### (17 U.S.C. § 501)

48.     AEO repeats and re-alleges each and every allegation contained in the preceding paragraphs in this Complaint, and incorporates them herein by reference.

49.     The Flying Eagle Design is an original work of authorship fixed in a tangible medium of expression, and it was registered with the U.S. Copyright Office under Reg. No. VA 1-622-340. As such, it is protected by U.S. copyright law, and AEO has the exclusive right to reproduce, display, and distribute the Flying Eagle Design.

50.     The Exploded Eagle Design is an original work of authorship fixed in a tangible medium of expression, and it was registered with the U.S. Copyright Office under Reg. No. VA

Case 3:16-cv-00336-GCM   Document 1   Filed 06/14/16   Page 16 of 28

1-648-837. As such, it is protected by U.S. copyright law, and AEO has the exclusive right to reproduce, display, and distribute the Exploded Eagle Design.

51.     Retail Royalty Company is the owner of all right, title, and interest in and to the copyrights in the Flying Eagle Design and Exploded Eagle Design.

52.     Defendant had access to the Flying Eagle Design and Exploded Eagle Design.

53.     Without AEO's authorization, Defendant and/or its agents reproduced, displayed, and distributed AEO's copyrightable works, or a substantially similar reproduction thereof, in violation of section 501 of the Copyright Act, 17 U.S.C. § 501.

54.     As a result of Defendant's acts of infringement alleged herein and in accordance with Section 504(b) of the Copyright Act, AEO is entitled to recover from Defendant the damages it has sustained and will sustain, and any profits obtained by Defendant as a result of or attributable to the infringement. At present, the amount of such damages and profits cannot be fully ascertained by AEO.

55.     Because AEO registered the copyrights in the Flying Eagle Design and Exploded Eagle Design with the United States Copyright Office long before Defendant began using the Infringing Eagle Designs, AEO is entitled to recover statutory damages, if it so elects, in accordance with section 504(c) of the Copyright Act, and AEO is also entitled to recover its attorneys' fees and costs, in accordance with Section 505 of the Copyright Act.

56.     The infringement of AEO's copyright has caused irreparable injury to AEO, and, unless enjoined by this Court, such infringement will continue to cause irreparable injury. In accordance with Section 502 of the Copyright Act, AEO is entitled to injunctive relief to prevent Defendant from further copyright infringement.

## SECOND CLAIM FOR RELIEF
## FEDERAL TRADEMARK COUNTERFEITING
## (15 U.S.C. § 1114)

57.     AEO repeats and re-alleges each and every allegation contained in the preceding paragraphs in this Complaint, and incorporates them herein by reference.

58.     Defendant has used and is using a spurious designation that is identical to, or substantially indistinguishable from, the Flying Eagle Design on goods covered by registrations of the Flying Eagle Design, namely, headwear, hats, and caps.

59.     Defendant has used and is using a spurious designation that is identical to, or substantially indistinguishable from, certain of the AEO Word Marks on goods covered by registrations of the AEO Word Marks, namely, headwear, hats, and caps.

60.     Defendant has intentionally used these spurious designations in connection with the sale of Defendant's headwear with knowledge of, or, at minimum, willful blindness to, AEO's rights in the AEO Marks.

61.     Defendant's use of the AEO Marks to sell apparel bearing counterfeit marks was and is without the consent of AEO and with knowledge of AEO's objection to such use.

62.     Defendant's unauthorized use of the AEO Marks on and in connection with its sale of headwear to customers located in more than one state constitute Defendant's use of the AEO Marks in commerce.

63.     Defendant's unauthorized use of the AEO Marks as set forth above is likely to cause confusion, mistake, and deception and to cause the public to believe that Defendant's apparel is the same as AEO's apparel and/or that Defendant is authorized, sponsored or approved by AEO or that Defendant is affiliated, connected or associated with or in some way related to AEO.

Case 3:16-cv-00336-GCM   Document 1   Filed 06/14/16   Page 18 of 28

64. Defendant's unauthorized use of the AEO Marks has also resulted in, and unless enjoined by this Court will continue to result in, Defendant unfairly benefiting from AEO's advertising and promotion of the AEO Marks and profiting from the reputation of AEO and the renown of the AEO Marks, all to the substantial and irreparable injury of the public, AEO, the AEO Marks and the substantial goodwill represented thereby.

65. Defendant's acts constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114, and within the meaning of Section 34(d)(1) of that Act, 15 U.S.C. § 1116(d)(1).

66. Because of Defendant's unlawful actions, AEO has suffered and continues to suffer irreparable harm, including, but not limited to, detriment to and diminution in value of its mark, for which there is no adequate remedy at law. Accordingly, AEO is entitled to an injunction against Defendant, pursuant to 15 U.S.C. § 1116.

67. By reason of the foregoing, Defendant is liable to AEO for: (a) statutory damages in the amount of up to $2,000,000 as provided by 15 U.S.C. § 1117(c) of the Lanham Act, or, at AEO's election, an amount representing three (3) times AEO's damages and/or Defendant's illicit profits; and (b) reasonable attorneys' fees, investigative fees, and pre-judgment interest pursuant to 15 U.S.C. § 1117(b).

### THIRD CLAIM FOR RELIEF
### FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

68. AEO repeats and re-alleges each and every allegation contained in the preceding paragraphs in this Complaint, and incorporates them herein by reference.

69. Defendant's sale of products bearing the Infringing Eagle Designs – confusingly similar imitations of the Flying Eagle Design – and colorable imitations of the AEO Word Marks

19

is likely to cause confusion, mistake or deception as to the source or sponsorship of Defendant's Infringing Headwear. As a result, the public is likely to believe that Defendant's goods have been manufactured and/or approved by AEO, when such is not the case.

70.     Defendant's unauthorized use of the Infringing Eagle Designs and colorable imitations of the AEO Word Marks falsely represents Defendant's Infringing Headwear as emanating from or being authorized by AEO.

71.     Defendant's infringement of AEO's registered AEO Marks is intentional, willful, with knowledge of and blatant disregard for AEO's rights in the AEO Marks, malicious, and intended to reap the benefit of the goodwill of AEO, all in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

72.     Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to AEO, and AEO is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116, and 1117.

**FOURTH CLAIM FOR RELIEF**
**FEDERAL UNFAIR COMPETITION**
**(15 U.S.C. 1125(a))**

73.     AEO repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

74.     Defendant has made false representations, false descriptions, and false designations of origin of its goods in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by using confusingly similar imitations of the Flying Eagle Design and AEO Word Marks on its apparel, which has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion, deception, and mistake by creating the false and misleading

20

impression that Defendant's goods are affiliated, connected, or associated with AEO, or have the sponsorship, endorsement, or approval of AEO.

75.     Defendant's conduct is intentional, willful, with knowledge of and blatant disregard for AEO's rights in the AEO Marks, malicious, and intended to reap the benefit of the goodwill of AEO to the great and irreparable injury of AEO, for which AEO has no adequate remedy at law.

76.     Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to AEO, and AEO is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116, and 1117.

**FIFTH CLAIM FOR RELIEF**
**FEDERAL TRADEMARK DILUTION**
**(15 U.S.C. § 1125(c))**

77.     AEO repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

78.     The Flying Eagle Design is extraordinarily well known throughout the United States, having been used exclusively and extensively for more than a decade. By reason of AEO's extensive advertising and use, the Flying Eagle Design has become famous, highly distinctive of AEO's goods and is uniquely associated with AEO.

79.     The Flying Eagle Design became famous long prior to Defendant's unlawful use of those marks, or confusingly similar imitations of that Mark.

80.     Defendant's use of the Flying Eagle Design, or confusingly similar imitations thereof, in connection with Defendant's sale of inferior-quality goods is likely to dilute AEO's famous Flying Eagle Design, in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), by

21

lessening its capacity to identify and distinguish AEO exclusively as the source of goods in the United States bearing or provided under the famous Flying Eagle Design. Defendant's conduct is likely to blur the public's exclusive identification of this mark with AEO and is likely to tarnish and degrade the positive associations and prestigious connotations of the Flying Eagle Design.

81.     Defendant's unauthorized use of the Flying Eagle Design in connection with Defendant's sale of inferior quality goods is intended to and has the effect of trading on AEO's reputation and is causing dilution of the famous Flying Eagle Design.

82.     Defendant's conduct is in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

83.     Defendant's conduct has injured and will continue to injure AEO in that AEO has suffered and will continue to suffer damage to its reputation and customer goodwill as a direct and proximate result of Defendant's illegal conduct, unless such unlawful conduct is enjoined by this Court. In addition, Defendant has been unjustly enriched by reason of its acts of trademark dilution in that it has achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of its illegal conduct.

84.     AEO is entitled to recover all damages sustained by Defendant's conduct, all profits realized by Defendant through the unlawful use of marks that dilute the Flying Eagle Design, and the costs of this action.

85.     Defendant's conduct has been willful and deliberate, entitling AEO to recover treble damages and/or profits and an award of reasonable attorneys' fees against Defendant.

## SIXTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

86.     AEO repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

87.     By selling products bearing the Infringing Eagle Design, Defendant is making false designations of origin and false descriptions or representations that Defendant's Infringing Headwear originates from, or is offered, sponsored, authorized, licensed by or otherwise somehow connected with AEO, when in fact it is not.  As a result of Defendant's conduct, the public is likely to believe that Defendant's goods have been manufactured and/or approved by AEO.

88.     Defendant's unauthorized use of the Infringing Eagle Design falsely represents Defendant's Infringing Headwear as emanating from or being authorized by AEO.

89.     Defendant's conduct is willful, intended to reap the benefit of the goodwill of AEO, and constitutes common law trademark infringement and unfair competition.

90.     In addition, Defendant has been unjustly enriched by reason of its trademark infringement and unfair competition in that Defendant has achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of its illegal conduct.

91.     Unless enjoined by this Court, Defendant's trademark infringement and unfair competition will continue to cause irreparable and inherently unquantifiable injury and harm to AEO's business, reputation, and goodwill.

92.     Defendant's wrongful conduct is accompanied by circumstances of willfulness and deliberate indifference to the rights of AEO, warranting the assessment of punitive damages.

# EIGHTH CLAIM FOR RELIEF
## UNFAIR AND DECEPTIVE TRADE PRACTICES
### (N.C. Gen Stat. § 75-1 *et seq.*))

93.     AEO repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint, and incorporates them herein by reference.

94.     Defendant's conduct as alleged above is in commerce and affects commerce in the State of North Carolina.

95.     Defendant's conduct as alleged above constitutes unfair methods of competition and unfair and deceptive acts and practices in violation of N.C. Gen. Stat. § 75-1 *et seq.*

96.     The public is likely to be damaged as a result of Defendant's deceptive trade practices or acts.

97.     Defendant's unfair methods of competition and its unfair and deceptive trade practices as alleged herein have injured AEO in that AEO has suffered damage to its reputation and customer goodwill as a direct and proximate result of Defendant's illegal conduct.

98.     In addition, Defendant has been unjustly enriched by reason of its trademark infringement and unfair competition in that Defendant has achieved sales and profits, and the opportunity to earn future sales and profits, as a direct and proximate result of its illegal conduct.

99.     Defendant has willfully engaged in the acts and practices alleged above, justifying an award of attorneys' fees to AEO pursuant to N.C. Gen. Stat. § 75-16.1.

**WHEREFORE**, AEO respectfully demands judgment as follows:

1.     That Defendant and its employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, entities owned or controlled by Defendant, and all those in active concert or participation with Defendant, be permanently enjoined from:

a) imitating, copying, or making unauthorized use of the Flying Eagle Design, the Exploded Eagle Design, the AEO Word Marks or any other marks owned by AEO;

b) manufacturing, producing, distributing, circulating, importing, exporting, selling, offering for sale, advertising, promoting, or displaying any products bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the Flying Eagle Design, the Exploded Eagle Design, the AEO Word Marks or any other marks owned by AEO;

c) using any simulation, reproduction, counterfeit, copy or colorable imitation of the Flying Eagle Design, the Exploded Eagle Design, the AEO Word Marks or any other marks owned by AEO in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such product in any way to AEO or to any goods sold, manufactured, sponsored or approved by, or connected with AEO;

d) using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, distributed or sold by Defendant is in any manner associated or connected with AEO, or is sold, manufactured, licensed, sponsored, approved or authorized by AEO;

e) engaging in any other activity constituting unfair competition with AEO, or constituting infringement of the Flying Eagle Design, the Exploded Eagle Design, the AEO Word Marks or any other marks owned by AEO;

f) taking any action, including through the use of the Flying Eagle Design, the Exploded Eagle Design, the AEO Word Marks or any other marks owned by AEO, or any simulation, reproduction, copy, or colorable imitation thereof, that dilutes the unique association between the AEO Marks and AEO, or that tarnishes the reputation or image of AEO;

25

g) reproducing, duplicating, copying, displaying, or distributing AEO's Flying Eagle Design or Exploded Eagle Design, or engaging in any other activity that infringes AEO's copyright interests;

h) transferring, consigning, selling, shipping, or otherwise moving any goods, packaging, or other materials in Defendant's possession, custody, or control bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the Flying Eagle Design, the Exploded Eagle Design, the AEO Word Marks or any other marks owned by AEO;

i) instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (h) above.

2. Directing that Defendant account for and pay over to AEO all profits realized by Defendant or lost by AEO as a result of Defendant's infringement of the AEO Marks and AEO's copyright interests in the Flying Eagle Design and Exploded Eagle Design, as well as Defendant's unfair competition with AEO.

3. Directing that Defendant deliver to AEO's counsel for destruction at Defendant's cost all signs, products, packaging, promotional material, advertising material, catalogs, and any other item that bears, contains or incorporates any simulation, reproduction, counterfeit, copy, or colorable imitation of the Flying Eagle Design, the Exploded Eagle Design, the AEO Word Marks or any other marks owned by AEO.

4. Requiring Defendant to account for and pay over to AEO three times the profits realized by Defendant from its infringement of the AEO Marks and AEO's copyright interests in the Flying Eagle Design and Exploded Eagle Design, as well as Defendant's unfair competition with AEO.

26

5. Awarding AEO its actual damages, trebled pursuant to 15 U.S.C. § 1117(a) & (b), or, if AEO elects, statutory damages as the Court considers just, up to $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c), arising out of Defendant's acts of willful trademark infringement and counterfeiting.

6. Awarding AEO its actual damages and/or Defendant's profits, trebled pursuant to 15 U.S.C. § 1117, arising out of Defendant's acts of willful unfair competition and trademark dilution.

7. Awarding AEO's actual damages, or if AEO elects, statutory damages, pursuant to 17 U.S.C. § 504, arising out of Defendant's willful infringement of AEO's copyright interests in the Flying Eagle Design and Exploded Eagle Design.

8. Awarding to AEO interest, including pre-judgment interest, on the foregoing sums.

9. Awarding to AEO its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. § 1117(a) and (b) and 17 U.S.C. § 505.

10. Awarding AEO exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

11. Directing such other action as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any goods or services offered, advertised or promoted by or on behalf of Defendant are authorized by AEO or related in any way to AEO's products.

12. Directing that Defendant file with the Court and serve upon AEO's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the above.

13.     Awarding AEO such other and further relief as the Court may deem just and

proper.

DATED:  June 14, 2016

**KILPATRICK TOWNSEND & STOCKTON LLP**


_s/Laura Miller_

Laura Miller (NC 34013)
1001 West Fourth Street
Winston-Salem, North Carolina 27101-2400
Telephone: (336) 607-7466

Lisa Pearson
(_Pro hac vice_ admission to be submitted)
The Grace Building
1114 Avenue of the Americas
New York, New York 10036-7703
Telephone: (212) 775-8700


_Attorneys for Plaintiffs_
Retail Royalty Company and AE Outfitters Retail Co.