IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

Case. No. 3:16-cv-00336

RETAIL ROYALTY COMPANY AND AE )
OUTFITTERS RETAIL CO., )
                      Plaintiffs, )
                            v. )   Civil Action No. 3:16-cv-00336
GUANGJING CO. LTD., )
                      Defendant. )

## ORDER OF FINAL JUDGMENT AND PERMANENT INJUNCTION BY DEFAULT AGAINST DEFENDANT GUANGJING CO. LTD.

This matter comes before the Court on the Motion for Final Judgment and Permanent Injunction by Default Against Defendant Guangjing Co. Ltd., filed November 28, 2016 (the "Motion"), by Plaintiffs Retail Royalty Company and AE Outfitters Retail Co. (collectively, "Plaintiffs" or "AEO") against Guangjing Co. Ltd. ("Defendant" or "Guangjing").

The Court has reviewed Plaintiffs' Motion, together with its Brief in Support thereof, and the other supporting materials submitted contemporaneously with the Motion or previously filed with the Court. Based upon those materials, and upon the proceedings previously had in this Civil Action, Plaintiffs' Motion is hereby **GRANTED**, and, in support of the final judgment and permanent injunction by default entered herein, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

#### Jurisdictional and Procedural Findings

1.     AEO commenced this Civil Action No. 3:16-cv-336 by filing their Complaint

with this Court on June 14, 2016. The Defendant named in the Complaint was Guangjing Co. Ltd.

2. The Complaint alleged claims against Guangjing for copyright infringement under 17 U.S.C. §§ 101 *et seq.* (the "Copyright Act"); trademark counterfeiting and infringement under Section 32 of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. § 1114; unfair competition and false designation of origin under Section 43 of the Lanham Act, 15 U.S.C. § 1125; dilution and tarnishment of AEO's famous Flying Eagle Design under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); common law unfair competition; and unfair and deceptive trade practices under North Carolina law, N.C. GEN. STAT. § 75-1.1.

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and section 39 of the Lanham Act, 15 U.S.C. § 1121. This Court has jurisdiction over AEO's related state and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367. This Court also has jurisdiction pursuant to 28 U.S.C. § 1332.

4. The Court has personal jurisdiction over Guangjing because Guangjing has done business in North Carolina and within this judicial District, including shipping the infringing articles into this judicial District.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 1400(a), because Guangjing does business in this District and a substantial part of the events or omissions giving rise to AEO's claims occurred in this District.

6. On June 23, 2016, Guangjing was duly served, by hand, with a copy of the Complaint and a properly issued Summons.

7. Guangjing has failed to file an answer or otherwise file an appropriate response to the Complaint.

8. On August 25, 2016, AEO filed a Motion for Entry of Default against Defendant Guangjing Co. Ltd. (Doc. No. 7). The Court granted Plaintiffs' Motion for Entry of Default on August 25, 2016, and Guangjing's default has been entered on the record (Doc. No. 8).

9. On November 28, 2016, AEO filed the instant Motion, seeking the entry of a final judgment and a permanent injunction, by default, against Guangjing.

### **The AEO Marks**

10. AEO has created a lifestyle brand of retail stores, apparel, and accessories under the well-known AMERICAN EAGLE OUTFITTERS and AMERICAN EAGLE marks, which are also signified by the Flying Eagle Design shown below.



11. In addition to the Flying Eagle Design, AEO uses and has registered the marks AMERICAN EAGLE OUTFITTERS, AEO, AMERICAN EAGLE, AE and 77 in connection with apparel and headwear (collectively, the "AEO Word Marks"). (The Flying Eagle Design together with the AEO Word Marks, collectively, the "AEO Marks.")

12. AEO owns all trademark rights in the AEO Marks, and also owns registered copyrights in the Flying Eagle Design and the Exploded Eagle Design, shown immediately below.



13. Plaintiff Retail Royalty Company is the record owner of the AEO Marks at issue

in the instant action, including the Flying Eagle Design.  Plaintiff Retail Royalty Company is also the record owner of the copyright registrations for the Flying Eagle Design and Exploded Eagle Design.  Plaintiff AE Outfitters Retail Co. uses the AEO Marks at issue under license in connection with the sale of apparel and headwear.

14. AEO owns all trademark rights in the AEO Marks, including, *inter alia*, U.S. Trademark Reg. No. 3,878,197 for the Flying Eagle Design, U.S. Trademark Reg. No. 2,086,693 for the AMERICAN EAGLE OUTFITTERS mark, U.S. Trademark Reg. No. 1,877,686 for the AEO mark, U.S. Trademark Reg. Nos. 3,545,443 and 3,636,963 for the AMERICAN EAGLE mark, U.S. Trademark Reg. Nos. 2,216,789 and 2,574,009 for the AE mark, and U.S. Trademark Reg. Nos. 2,601,845 and 3,908,122 for the 77 mark (collectively, the "AEO Mark Registrations").  The AEO Mark Registrations are all valid, subsisting, and in full force and effect.  They are also incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065.

15. AEO also owns federally registered copyrights, U.S. Copyright Reg. No. VA-1-622-340 in the Flying Eagle Design and U.S. Copyright Reg. No. VA-1-648-837 in the Exploded Eagle Design.

16. AEO has continuously used the Flying Eagle Design as a trademark to identify the AMERICAN EAGLE OUTFITTERS brand for more than a dozen years.  AEO's use of the Flying Eagle Design is ubiquitous; it appears prominently on AEO's apparel and headwear, both alone and with other elements, on AEO's signature merchandise and on store signage and related goods.

17. Due to AEO's long and continuous use of the Flying Eagle Design to identify its retail stores, website, clothing, headwear, footwear, accessories and other products and services, the Flying Eagle Design is widely recognized by the public as a visual symbol of the

AMERICAN EAGLE OUTFITTERS brand and a mark identifying AEO as the source of the goods and services in connection with which it is used.

18. AEO has also used various word marks, including the marks AMERICAN EAGLE OUTFITTERS, AE, AEO, AMERICAN EAGLE, and 77, for many years in connection with its retail stores, website, clothing, headwear, footwear, accessories and other products and services. As a result, the AEO Word Marks are widely recognized by the public as an indicator of the source of AEO's goods and services.

19. AEO has built and owns valuable goodwill symbolized by the AEO Marks, as well as extensive common law rights in the AEO Marks.

### Guangjing's Unlawful Conduct

20. Guangjing, without AEO's permission or authorization, has been marketing, distributing, offering for sale, and selling hats and caps bearing unauthorized copies of AEO's Flying Eagle Design, Exploded Eagle Design, and AEO Word Marks. Guangjing's hats bear flagrant, confusingly similar imitations of AEO's Flying Eagle Design and Exploded Eagle Design (the "Infringing Eagle Designs") and the AEO Word Marks (the "Infringing Headwear").

21. The Infringing Headwear is materially different from genuine goods bearing the Flying Eagle Design and AEO Word Marks. The Infringing Headwear was not manufactured under AEO's auspices and AEO does not control the design or quality of Guangjing's goods.

22. Guangjing does not own any federal or state registrations or trademark applications for any mark that includes, in whole or in part, an eagle design, "American Eagle Outfitters," "American Eagle," "AEO," "AE" or "77", and Guangjing cannot assert any rights in such marks that are prior to AEO's first use of the Flying Eagle Design or AEO Marks.

23. Guangjing's unlawful actions commenced many years after AEO began using the

AEO Marks, years after AEO registered the AEO Marks with the U.S. Patent and Trademark Office, and many years after AEO registered the Flying Eagle Design with the U.S. Copyright Office.

**CONCLUSIONS OF LAW**

24. The Flying Eagle Design and Exploded Eagle Design are original works of authorship and are the subjects of United States Copyright Registrations VA-1-622-340 and VA-1-648-837, respectively.

25. Plaintiff Retail Royalty Company has registered and owns the copyrights at issue.

26. Guangjing had access to the Flying Eagle Design and Exploded Eagle Design, which are in widespread use, and copied, reproduced, displayed, and distributed AEO's copyrightable works, or substantially similar reproductions thereof, without AEO's authorization, in violation of the Copyright Act, 17 U.S.C. § 501. *See, e.g., Bouchat v. Baltimore Ravens, Inc.*, 241 F.3d 350, 358 (4th Cir. 2000).

27. AEO owns valid trademark rights in, and the AEO Mark Registrations for, the AEO Marks. *See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 935 (4th Cir. 1995) ("incontestable status does entitle the mark to substantial protection . . . and does provide conclusive evidence of AEO's right to use the mark in commerce as established in 15 U.S.C. § 1115(b)").

28. Guangjing has used a spurious designation that is identical to, or substantially indistinguishable from, the Flying Eagle Design on goods covered by a registration for the Flying Eagle Design, namely, headwear, hats, and caps. Guangjing has also used a spurious designation that is identical to, or substantially indistinguishable from, one or more of the AEO Word Marks (AEO, AE, 77) on goods covered by registrations for the AEO Word Marks,

6

namely, headwear, hats, and caps.

29. Guangjing has intentionally used these spurious designations in connection with the sale of Guangjing's headwear with knowledge of AEO's rights in the AEO Marks and knowing that such designs and marks were counterfeit. Guangjing's use of the AEO Marks to sell apparel bearing counterfeit marks was and is without the consent of AEO and with knowledge of AEO's rights in the AEO Marks. Guangjing's unauthorized use of the AEO Marks on and in connection with its sale of headwear to customers located in more than one state constitutes Guangjing's use of the AEO Marks in commerce.

30. Guangjing's intentional, unauthorized use of the AEO Marks was designed to cause, and likely causes, the public to believe that Guangjing's apparel is the same as AEO's apparel and/or that Guangjing is authorized, sponsored or approved by AEO or that Guangjing is affiliated, connected or associated with or in some way related to AEO. Guangjing's acts therefore constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114, and within the meaning of Section 34(d)(1) of that Act, 15 U.S.C. § 1116(d)(1). *See, e.g., Chanel, Inc. v. Banks*, 09–CV–843, 2011 WL 121700, * 5 (D. Md., Jan. 13, 2011).

31. Guangjing's use of the AEO Marks, or colorable imitations of these marks, is likely to cause consumer confusion. AEO has therefore established Guangjing's infringement of the registered AEO Marks, in violation of Lanham Act § 32(a), 15 U.S.C. § 1114(1)(a). *See, e.g., Lone Star Steakhouse & Saloon*, 43 F.3d at 930; *Commcn's Satellite Corp. v. Comcet, Inc.*, 429 F.2d 1245, 1253 (4th Cir. 1970).

32. For the reasons set forth above, and because the elements of unfair competition by false designation of origin under the Lanham Act are substantially the same as those for

7

infringement, AEO has also established the requisite elements of its claim against Guangjing for unfair competition under Lanham Act § 43(a), 15 U.S.C. § 1125(a). *See, e.g., Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1527 (4th Cir. 1984); *Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145, 148 (4th Cir. 1987) ("Under 15 U.S.C.A. § 1125(a), the test is substantially the same, whether there is a confusing similarity between the two marks.").

33. Guangjing's conduct constitutes unfair or deceptive trade practices in violation of North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1 et seq. *See First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 252, 507 S.E.2d 56, 63 (1998). *See also Polo Fashions*, 816 F.2d at 148.

34. The "North Carolina common law of unfair competition in the context of trademarks and tradenames is similar to the federal law of trademark infringement." *Polo Fashions*, 816 F.2d at 148. The same undisputed facts that establish Guangjing's infringement of the AEO Marks also establish Guangjing's unfair competition and trademark infringement in violation of the common law of North Carolina.

35. As a direct and proximate result of Guangjing's unlawful activities described above, AEO has suffered, and will continue to suffer, irreparable damage and inherently unquantifiable injury and harm to its business, reputation, and customer goodwill. *See, e.g., Diane Von Furstenberg Studio v. Snyder*, 2007 WL 2688184, at *6 (E.D. Va. Sept. 10, 2007) ("The Fourth Circuit has recognized that 'irreparable injury regularly follows from trademark infringement.' . . . Therefore, a showing of trademark infringement makes it likely that there has been an irreparable injury to reputation." (internal citation omitted)). Guangjing's conduct has caused AEO to lose control over the reputation and goodwill symbolized by the AEO Marks. Such irreparable injury can be remedied only through immediate and permanent injunctive relief.

*See, e.g., Lone Star Steakhouse & Saloo*n, 43 F.3d at 939.

36. AEO has demonstrated its entitlement to a permanent injunction. *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). AEO has suffered irreparable injury in that AEO has lost control of its business reputation with respect to the Infringing Headwear, there is substantial likelihood of confusion of the purchasing public, there may be no monetary recovery available, and there is an inherent injury to the good will and reputation of the AEO Marks. *Lone Star Steakhouse & Saloon*, 43 F.3d at 939. The balance of hardships resulting from a permanent injunction tips in AEO's favor as AEO has a significant interest in maintaining the integrity of its intellectual property and the valuable good will associated therewith and preventing a counterfeiter from using a mark it never had the right to use in the first place is not a hardship. Finally, a permanent injunction serves the public interest by preventing consumer confusion in the marketplace. *See, e.g., Toolchex, Inc. v. Trainor*, 3:08–CV–236, 2009 WL 2244486, *3 (E.D. Va. July 24, 2009)

37. Guangjing has undertaken the aforementioned conduct with the intent to mislead and deceive the general public into believing that Guangjing's goods are affiliated with, or sponsored or endorsed by, AEO. In doing so, Guangjing has intentionally exploited AEO's goodwill and reputation. Guangjing's infringement of the AEO Marks has been deliberate, willful, and in bad faith. Consequently, the Court finds that this is an exceptional case pursuant to 15 U.S.C. § 1117(a).

38. AEO has sought a monetary award in the form of statutory damages under the Copyright Act and the Lanham Act, in addition to AEO's reasonable attorneys' fees as a result of Guangjing's willful infringement of AEO's copyright and trademark rights and willful counterfeiting.

39. Both the Copyright Act and the Lanham Act provide for statutory damages. 15 U.S.C. § 504(c); 17 U.S.C. § 1117(c). Under Section 504(c) of the Copyright Act, a plaintiff who prevails on a claim of copyright infringement may elect to recover, instead of actual damages and profits, an award of statutory damages in a sum of not less than $750 or more than $30,000 per work infringed, as the Court considers just. 17 U.S.C. § 504(c)(1). Where the Plaintiff proves that the infringement was committed willfully, the Court in its discretion may increase the award of statutory damages to a sum of not more than $150,000. *Id*. § 504(c)(2).

40. Under § 1117(c) of the Lanham Act, a plaintiff who prevails on a claim of trademark counterfeiting may elect to recover an award of statutory damages between $1,000 and $200,000 per counterfeit mark per type of goods sold, or up to $2,000,000 per counterfeit mark per type of goods sold if use of the counterfeit mark was willful. 15 U.S.C. § 1117(c).

41. Given the willful nature and scope of Guangjing's copyright infringement and trademark counterfeiting, which involved two copyrighted works and four counterfeit marks, the Court finds a statutory damages of award of $300,000.00 for Guangjing's copyright infringement and $800,000 for Guangjing's trademark counterfeiting to be an appropriate statutory damages award under the circumstances.

42. AEO is also entitled to its reasonable attorneys' fees as a result of Defendant's willful infringement of AEO's copyright and trademark rights, willful counterfeiting and unfair and deceptive trade practices. 17 U.S.C § 505; 15 U.S.C. § 1117(a); N.C. Gen. Stat. § 75-16.1. *See, e.g., Newport News Holdings Corp. v. Virtual City Vision, Inc.,* 650 F.3d 423, 441 (4th Cir. 2011).

## **PERMANENT INJUNCTION AND ORDER**

Based on the preceding Findings of Fact and Conclusions of Law, it is hereby

**ORDERED, ADJUDGED and DECREED** as follows:

1. Defendant Guangjing Co. Ltd., and all of its employees, owners, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, entities owned by or controlled by Defendant and all those in active concert or participation with it, are hereby **PERMANENTLY ENJOINED AND RESTRAINED** from:

   a) imitating, copying, or making unauthorized use of the Flying Eagle Design, the Exploded Eagle Design, the AEO Word Marks or any other marks owned by AEO;

   b) manufacturing, producing, distributing, circulating, importing, exporting, selling, offering for sale, advertising, promoting, or displaying any products bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the Flying Eagle Design, the Exploded Eagle Design, the AEO Word Marks or any other marks owned by AEO;

   c) using any simulation, reproduction, counterfeit, copy or colorable imitation of the Flying Eagle Design, the Exploded Eagle Design, the AEO Word Marks or any other marks owned by AEO in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such product in any way to AEO or to any goods sold, manufactured, sponsored or approved by, or connected with AEO;

   d) using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, distributed or sold by Defendant is in any manner associated or

connected with AEO, or is sold, manufactured, licensed, sponsored, approved or authorized by AEO;

e) engaging in any other activity constituting unfair competition with AEO, or constituting infringement of the Flying Eagle Design, the Exploded Eagle Design, the AEO Word Marks or any other marks owned by AEO;

f) reproducing, duplicating, copying, displaying, or distributing AEO's Flying Eagle Design or Exploded Eagle Design, or engaging in any other activity that infringes AEO's copyright interests;

g) transferring, consigning, selling, shipping, or otherwise moving any goods, packaging, or other materials in Defendant's possession, custody, or control bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the Flying Eagle Design, the Exploded Eagle Design, the AEO Word Marks or any other marks owned by AEO;

h) instructing, assisting, aiding or abetting any other person or entity in engaging in any of the activities referred to in subparagraphs (a) through (h) above.

2. Defendant Guangjing Co. Ltd. is hereby **ORDERED** to deliver to Plaintiffs' counsel for destruction, within ten (10) business days after the date of this Order, all signs, products, packaging, promotional material, advertising material, catalogs, and any other item that bears, contains or incorporates any simulation, reproduction, counterfeit, copy, or colorable imitation of the Flying Eagle Design, the Exploded Eagle Design, the AEO Word Marks or any other marks owned by AEO.

3. Defendant Guangjing Co. Ltd. is hereby **ORDERED** to provide to Plaintiffs, within ten (10) business days after the date of this Order, a listing of the names and contact

information, including addresses, of all sources from which Defendant Guangjing Co. Ltd. has obtained products bearing any trademark owned by Plaintiffs, or colorable imitation thereof, including but not limited to the AEO Marks.

4. Plaintiffs shall recover from Defendant Guangjing Co. Ltd. the sum of $1.1. million. A money judgment is hereby entered in Plaintiffs' favor, and against Defendant Guangjing Co. Ltd., in the sum of $1.1 million, together with prejudgment interest thereon and the costs of this action as taxed by the Clerk of this Court.

5. Defendant Guangjing Co. Ltd. shall pay to Plaintiffs' their costs, including Plaintiffs' reasonable attorneys' fees incurred in this action in an amount to be determined following a motion pursuant to Fed. R. Civ. P. 54.

6. This Court shall retain jurisdiction over this matter to enforce any violation of the terms of this Final Judgment and Permanent Injunction by Default.

5. Within thirty (30) calendar days after the entry of this Order, Defendant Guangjing Co. Ltd. shall submit to this Court an affidavit or declaration describing in detail Defendant Guangjing Co. Ltd.'s efforts to comply with, and certifying its compliance with, Paragraphs 1, 2 and 3 of this Order.

6. Except as expressly set forth in this Order, all claims by Plaintiffs against Defendant Guangjing Co. Ltd. are hereby dismissed with prejudice.

**SO ORDERED**

This the 28th day of November, 2016.

Signed: December 14, 2016

Graham C. Mullen
United States District Judge